

U.S. BANKRUPTCY COURT

NORTHERN DISTRICT OF TEXAS

# ENTERED

TAWANA C. MARSHALL, CLERK

THE DATE OF ENTRY IS

ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed September 19, 2013**

_____

**United States Bankruptcy Judge**

_____

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **KELLY FREEMAN,** | § | **CASE NO. 13-30055-HDH-7** |
| | § | |
| Debtor. | § | |
| | § | |
| **DAVID SEBAG,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **Adversary No. 13-03128-HDH** |
| | § | |
| **KELLI FREEMAN** | § | |
| | § | |
| Defendant. | § | |
| | § | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Kelli Freeman ("Defendant") filed *Defendant-Debtor's Motion to Dismiss Complaint*

("Motion") to which David Sebag ("Plaintiff") responded.  Defendant replied.  The Court

conducted a hearing on the motion on September 16, 2013.

Earlier in the underlying bankruptcy case, before any deadlines had run, the Debtor and the United States Trustee ("UST"), entered into an agreed order ("Order"), based on a motion filed by the UST, to extend the deadlines for filing a complaint under 11 U.S.C. § 727.  The UST did not file such a complaint, but plaintiff did.  Plaintiff's complaint was filed after the 60-day statutory deadline for such complaints per Fed. R. Bankr. P. 4004(a).  In response, the Debtor has moved to dismiss, claiming that the extension and order applied only to the UST, and therefore plaintiff's complaint is untimely.  The plaintiff responded to the motion and argued that he could use the extension provided in the agreed order.

The disposition of the Motion is determined by the Fifth Circuit's decision in *Ichinose v. Homer Bank*, 946 F.2d 1169 (5th Cir. 1991).  The Fifth Circuit in *Ichinose* relied on "[t]he language and context of the orders," which "clearly demonstrate[d] that their applicability was limited to the parties on whose motions they were issued."  *Id.* at 1173.  A Rule 4004(b) motion for an extension of time to object to discharge must be made for cause and this request ordinarily will benefit only the movant.  Fed. R. Bankr. P. 4004, advisory committee's note (1983).  This court has held that when the "application for extension did not include any names other than the movant therein," another creditor could not "piggy-back" on the movant's application.  *In re Floyd*, 37 B.R. 890, 893 (Bankr. N.D. Tex. 1984).  Furthermore, even when the order language is general and not specifically limited to the movant, at least one court has still held that the extension should only benefit the movant.  *See Burger King Corp. v. B-K Kansas, Inc.*, 73 B.R. 671, 675 (D. Kan. 1987).

In the present case, the order extending the time to object to the discharge under 11 U.S.C. § 727 stated that "cause exists to extend the deadline for the United States Trustee." Additionally, the Order, in its decretal paragraph, extended the deadline "until after the court has

adjudicated a complaint objecting to discharge under 11 U.S.C. § 727 and/or Motion to Dismiss under 11 U.S.C. § 707(b)(3) filed by the United States Trustee."  The language of the order is clear that it only applies to the movant, the UST.  Therefore, plaintiff will not be able to avail itself to the extension which was granted solely for the United States Trustee.

The court has instructed the debtor/defendant's attorney to draft an order granting the motion.